IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

---

LEXON INSURANCE COMPANY,

        Plaintiff,

-vs-                            Civil Action No. 3:19-cv-14655-FLW-LHG

BOROUGH OF UNION BEACH,

        Defendant.

---

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION
TO DEFENDANT'S MOTION TO TRANSFER OR
ALTERNATIVELY DISMISS PLAINTIFF'S COMPLAINT**

**ORAL ARGUMENT REQUESTED**

 

**HARRIS BEACH PLLC**
One Gateway Center, Suite 2500
Newark, NJ 07102
Telephone: 973-848-1244

*Attorneys for Plaintiff
Lexon Insurance Company*

*Of Counsel:*
Gavin Lankford
Andre J. Major

## **TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ....................................................................................... ii

PRELIMINARY STATEMENT ................................................................................. 1

ARGUMENT ............................................................................................................... 2

    POINT I    THE FORUM SELECTION CLAUSE IN THE PERFORMANCE BOND IS CONTROLLING ............................................................. 2

    POINT II    THE FORUM SELECTION CLAUSE IN THE PERFORMANCE BOND CONTROLS BECAUSE THIS DISPUTE ARISES SOLELY UNDER THE PERFORMANCE BOND ............................... 3

    POINT III    THE NEW JERSEY STATUTORY REQUIREMENT FOR MEDIATION RELIED UPON BY THE BOROUGH IS INAPPLICABLE TO SURETY BOND AGREEMENTS ................... 6

CONCLUSION ......................................................................................................... 11

# TABLE OF AUTHORITIES

Page

**Cases**

*Arch Ins. Co. v. Centerplan Constr. Co., LLC*, No. 3:16-CV-01891 (VLB),
   2019 WL 554868 (D. Conn. Feb. 12, 2019) ................................................................. 5

*Fidelity & Deposit Co. v. Parsons & Whittemore Contractors Corp.*,
   48 N.Y.2d 127, 421 N.Y.S.2d 869, 397 N.E.2d 380 (1979) ........................................ 4

*Gloucester City Bd. of Educ. v. Am. Arbitration Ass'n*,
   333 N.J. Super 5111 (App. Div. 2000) ............................................................... 3, 4, 5

*Indus. Window Corp. v. Fed. Ins. Co.*,
   565 F. Supp. 2d 513 (S.D.N.Y. 2008) .......................................................................... 5

*Liberty Mutual Insurance Co. v. Mandaree Public School District # 36*,
   503 F.3d 709 (8th Cir. 2007) ....................................................................................... 5

*Phillips v. Cnty. of Allegheny*, 515 F.3d 224 (3d Cir. 2008) .......................................... 6

**Statutes**

28 U.S.C. 1404(a) ............................................................................................................ 3

N.J.S.A. 40A:11-50 ...................................................................................................... 6, 7

**Rules**

Fed. R. Civ. P. 12(b)(6) .................................................................................................... 6

## **PRELIMINARY STATEMENT**

Plaintiff, Lexon Insurance Company ("Lexon") submits this Memorandum of Law in opposition to Defendant, Borough of Union Beach's (the "Borough") motion to transfer this action to New Jersey State Court or alternatively dismiss Lexon's Complaint for an alleged failure to mediate the parties' dispute prior to commencing this action.

The Borough's motion should be denied because the subject performance bond issued by Lexon (the "Bond") contains a valid and enforceable forum-selection clause, which provides in the first instance that all proceedings arising under the Bond itself may be commenced in a court of competent jurisdiction such as this Court. The Borough completely ignores the existence of (and fails to bring to the Court's attention) the Bond's forum-selection clause and makes no argument alleging that this clause is in any way unenforceable.

Instead, the Borough errantly argues that the Bond incorporated the forum selection clause of the construction contract with Brunswick Builders, LLC ("Brunswick") for all disputes that may arise under the Bond. However, because this dispute only arises out of the scope of Lexon's performance obligation under the Bond following the Borough's unreasonable refusal to allow Lexon to exercise its performance rights to complete the subject project, the forum-selection clause of Brunswick's contract is wholly inapplicable as a matter of law.

Finally, the Borough alternatively argues this action could not be commenced without the parties first submitting their dispute to mediation. The Borough's argument is fatally flawed as the New Jersey statutory mediation requirement relied upon by the Borough is undeniably only applicable to "construction contracts" not performance bonds as dictated by the very New Jersey statute cited by the Borough. Accordingly, the Borough's alterative theory for dismissal should

be disregarded as patently devoid of any factual or legal basis and this matter should be allowed to proceed in New Jersey District Court.

The relevant facts are set forth in detail in accompanying Declaration of Gavin Lankford, Esq. dated October 7, 2019. For the sake of brevity, those facts will not be repeated here.

## ARGUMENT

### POINT I

### THE FORUM SELECTION CLAUSE IN THE PERFORMANCE BOND IS CONTROLLING

The Bond contains a forum-selection clause. The Borough completely ignores the existence of the Bond's valid and enforceable forum-selection clause, which states that "Any proceeding, legal or equitable, under this Bond may be instituted in any court of competent jurisdiction in the location in which the work or part of the work is located." Lankford Decl., Exh. A, § 11.

Section 11 of the Bond couldn't be clearer – all proceedings arising under the Bond itself may be commenced in a competent court selected by the filing party in the jurisdiction where the project work was performed. It is undisputed that the project work here was performed in New Jersey, thus making the Federal District Court of New Jersey a proper venue for this lawsuit under the Bond's forum-selection clause.

It is equally undeniable that the dispute between the parties arises out of the Bond and the performance terms thereunder. Specifically, the Borough refused to allow Lexon the opportunity to complete the Project work in accordance with section 5.2 of the. Complaint ¶¶ 30-31, 54, 56. Additionally, the Borough refused to pay Lexon the balance of the contract funds as required under section 3 of the Bond upon Lexon's election to self-perform the work necessary to complete the project. *Id.*

2

Accordingly, because the issues between the Parties all arise out of the Bond itself, and it is undisputed that all of the project work took place in New Jersey, the District of New Jersey is undeniably an appropriate forum for this matter under the forum selection clause of the Bond.

## POINT II

### THE FORUM SELECTION CLAUSE IN THE PERFORMANCE BOND CONTROLS BECAUSE THIS DISPUTE ARISES SOLELY UNDER THE PERFORMANCE BOND.

The Borough seeks to enforce the forum-selection clause in the underlying construction contract with Brunswick (that Lexon is not a party to) which requires actions between those two entities to be brought in "a court of competent jurisdiction in Monmouth County, New Jersey" based upon the errant belief that the Bond independently "incorporated by reference" that venue fixing provision for disputes arising under the Bond itself.[1]

Notwithstanding the forum-selection clause in the Bond, the Borough's own case, *Gloucester City Bd. of Educ. v. Am. Arbitration Ass'n*, 333 N.J. Super 5111 (App. Div. 2000), illustrates the Borough's fundamental misunderstanding of the surety and obligee relationship and its errant argument regarding the applicability of the forum selection clause from its separate agreement with Brunswick to disputes that arise solely under the Bond.

In *Gloucester*, the performance bond did not contain an arbitration clause, but the construction contract between the city and the contractor did contain one and mandated arbitration with respect to any controversy or claim arising out of the construction contract. *Gloucester*, 755 A.2d at 1261. The city argued that the arbitration clause in the underlying construction contract controlled disputes arising under the performance bond because the bond "incorporated by reference" the construction contract and that disputes under the bond must

---

[1] It should be noted that the Borough's motion fails to address any of the specific factors for analysis for transfer of this action for forum non conveniens under 28 U.S.C. 1404(a), and for that reason alone the motion should be denied.

3

therefore be considered to arise out of the principal's performance of the construction contract. *Id.*

The *Gloucester* Court, however, was quick to point out that the issue that the city board sought to submit to arbitration did not concern performance of the underlying contract, but instead involved the enforceability of provisions in the performance bond regarding the scope of the performance obligations under the bond. *Id.* at 1262. The Court cited and adopted the reasoning set forth in the New York Court of Appeals decision in *Fidelity & Deposit Co. v. Parsons & Whittemore Contractors Corp.*, that "there is a distinction between requiring a surety that has executed a bond for performance of a construction contract containing an arbitration clause to arbitrate disputes concerning performance of the contract, and requiring the surety to arbitrate disputes concerning the enforceability of its performance bond." *Gloucester*, 755 A.2d at 1262 (citing 48 N.Y.2d 127, 421 N.Y.S.2d 869, 397 N.E.2d 380 (1979)) (concluding the surety was not required to follow the dispute resolution procedures concerning its performance obligations under the bond even though underlying construction contract contained a provision for arbitration and was incorporated by reference to the bond)).

More specifically, the *Gloucester* Court in its holding adopted the following rational that where a bond "incorporates by reference" a construction contract, it is only applicable to disputes that arise under the underlying construction contract and not for disputes that arise under the bond itself:

> A critical distinction must be drawn between disputes arising under the subcontract between [the general contractor] and [subcontractor] ... and possible unrelated differences which may arise between [the surety] and [general contractor] as to the liability of the surety company under the terms of its performance bond .... As to disputes between the general contractor and the subcontractor concerning failure of performance by the latter, those two parties expressly agreed that their differences should be

4

> submitted to arbitration for resolution. By contrast, there was no agreement on the part of any party that controversies arising as to rights and obligations under the terms of the performance bond would be submitted to arbitration.

*Gloucester*, 755 A.2d at 1262–63.

The holding in *Gloucester* is not unique. Indeed, courts have repeatedly concluded that sureties are not subject to the requirements of an underlying construction contract regarding the venue or jurisdiction fixing provisions from the bonds' related construction contracts. *See, e.g., Indus. Window Corp. v. Fed. Ins. Co.*, 565 F. Supp. 2d 513, 517–18 (S.D.N.Y. 2008) (concluding the alternative dispute resolution procedures in a related contract did not subject the surety to those venue requirements, even though the payment bond between the surety and construction company incorporated the underlying contract); *Liberty Mutual Insurance Co. v. Mandaree Public School District # 36*, 503 F.3d 709 (8th Cir. 2007) (same); *Arch Ins. Co. v. Centerplan Constr. Co., LLC*, No. 3:16-CV-01891 (VLB), 2019 WL 554868, at *2 (D. Conn. Feb. 12, 2019).

Put simply, and as fully applicable to the present dispute, under New Jersey law where a surety bond "incorporates by reference" the underlying bonded construction contract, ONLY those disputes that specifically arise out of the construction contract, such as disputes concerning the default or liability of the contractor for alleged project damages, are subject to the venue or jurisdictional requirements of the construction contract. In contrast, where a dispute arises out of the performance obligations under a surety bond itself, the dispute IS NOT subject to the venue or jurisdictional requirements of the underlying construction contract, regardless of the existence of an "incorporation by reference" clause in the bond.

As applied to the present matter, the holding in *Gloucester* controls and the "distinction" is clear that this matter concerns issues that arise solely out of the scope of performance obligations under the Bond. As Lexon alleged in the Complaint, it brought suit against the

5

Borough for a declaration of rights under the Bond following the Borough's material breach of the Bond. Specifically, the Borough refused to allow Lexon the opportunity to complete the Project work in accordance with section 5.2 of the Bond to self-perform the work through itself or its own contractors and by refusing to pay Lexon the balance of the contract funds as required under section 3 of the Bond. Complaint ¶¶ 30-31, 54, 56.

Accordingly, because this lawsuit arises solely under the Bond, the forum-selection clause in the Bond controls.

## POINT III

### THE NEW JERSEY STATUTORY REQUIREMENT FOR MEDIATION RELIED UPON BY THE BOROUGH IS INAPPLICABLE TO SURETY BOND AGREEMENTS.

The Borough alternatively seeks to dismiss this action based upon an argument that the parties were required to mediate their dispute under N.J.S.A. 40A:11-50 as a precondition to Lexon commencing this action. The law is well settled that under Fed. R. Civ. P. 12(b)(6), when reviewing a motion to dismiss on the pleadings, courts "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quotations omitted).

As plainly and undeniably detailed in the Complaint, this action arises out of the enforcement of Lexon's rights under a surety performance bond and NOT a construction contract. As such, N.J.S.A. 40A:11-50 is wholly inapplicable to the present matter. Incredibly, the Borough erroneously argues that a "surety bond" is a "construction contract" under New Jersey law. This is simply false. Specifically, N.J.S.A. 40A:11-50 provides in relevant part that:

> All **construction contract documents** . . . shall provide that disputes arising under the contract shall be submitted to a process of resolution pursuant to alternative dispute resolution practices,

6

> such as mediation, binding arbitration or non-binding arbitration pursuant to industry standards, prior to being submitted to a court for adjudication.

N.J.S.A. 40A:11-50 (emphasis added).

The Borough's argument that this statuary mediation was required as a precondition to this lawsuit completely ignores the plain fact that this lawsuit concerns the enforcement of rights under a surety bond, which is not a "construction contract" by any stretch of the imagination or good faith extension of the law. Indeed, the Borough completely disregards the plain reading of N.J.S.A. 40A:11-50 stating that is ONLY applicable to construction contracts.

In fact, the Borough does not cite to (or even attempt identify) any legal authority to support is legally and factually baseless argument that a surety performance bond is a "construction contract" and subject to N.J.S.A. 40A:11-50. Because of the complete inapplicability of N.J.S.A. 40A:11-50 to this matter and the Borough's complete misunderstanding of the obligee and surety relationship, the Borough's alternative motion to dismiss should also be denied in its entirety.

7

## CONCLUSION

For the reasons set forth above, Lexon respectfully requests that the Court issue an Order denying both the Borough's motion to transfer this action to state court and its alternative motion to dismiss in their entirety, together with an award for such other relief the Court deems just and proper.

Dated: October 7, 2019

HARRIS BEACH PLLC

By: _____
Gavin Lankford
Andre J. Major
*Attorneys for Plaintiff*
Lexon Insurance Company
One Gateway Center, Suite 2500
Newark, NJ 07102
Telephone: 973-848-1244

299939\4853-0711-9784\ v4

8